**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Elizabeth and Charles Hatch, et al., Civil No. 01-1906 RHK/AJB

Plaintiffs,

v. **ORDER ON MOTION TO COMPEL**

Ken Grosinger, et al.,

Defendants.

This matter is before the Court on plaintiff's motion to compel production of audiotapes of interviews conducted by the Ramsey County Internal Affairs Unit in the investigation of the incident that is the subject of this litigation[1] [Docket No. 28]. Hearing was held on November 18, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Robert M. McClay, Esq., appeared on behalf of the plaintiffs. C. David Dietz, Assistant Ramsey County Attorney, Esq., appeared on behalf of the defendants.

Defendants have submitted a total of 13 audiotapes to the Court pending determination on their discoverability. Defendants advise the Court and counsel that the tapes contain internal investigative interviews conducted by Ramsey County Sheriff Department Lt. Mike Salter and Ramsey County Deputy Brad Camitsch. They contend that 12 of the tapes are witness statements which qualify as protected work product and need not be disclosed and that

[1] Plaintiff's dog was shot and killed by defendant Ken Grosinger, a Ramsey County Sheriff's Deputy, while he and several other members of the Ramsey County Sheriff's Department were attempting to serve a felony arrest warrant on a person believed to be residing at plaintiff's home.



DEC 17 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the 13th tape was an unsuccessful attempt to record a conversation with Ms. Patricia Zapata. Plaintiffs' argue that the work product doctrine does not apply in this instance and the tapes should therefore be produced.

Based upon the file in this matter, along with memorandums and arguments of counsel at hearing, **IT IS HEREBY ORDERED THAT** plaintiffs' motion to compel production of audiotapes of interviews is **granted**. [Docket No. 28]. The Court finds that the audiotapes are not protected work product and are not otherwise privileged, and that the tapes are discoverable under Fed. R. Civ. P. 26(b). The interviews were not taken at the direction of counsel and therefore are not protected on that account. Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512-13 (D. Minn. 1997). In addition, the Court finds that the interviews were obtained, and the audiotapes were created, in the ordinary course of an investigation which police were required to undertake and the materials were not produced in anticipation of litigation. Fed. R. Civ. P. 26(b)(3), Wright & Miller, Federal Practice and Procedure, §2024.

Dated: 12/17/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

The 13 cassette tapes at issue in this motion are presently in the Court's possession and may be obtained by plaintiff after December 30, 2002, unless defendant authorizes their earlier release by letter to the Court.